IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LEROY ELLIS, #918106 | § | |
| VS. | § | CIVIL ACTION NO. 6:05cv401 |
| BLAKE A. JONES, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF ADMINISTRATIVE CLOSING

Plaintiff Leroy Ellis, a prisoner previously confined at the Coffield Unit of the Texas prison system, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned by consent of the parties pursuant to 28 U.S.C. § 636(c).

History of the Case

The present lawsuit involves allegations that Defendants Blake A. Jones and Dax Winzenreid used excessive force against the Plaintiff at the Coffield Unit on July 18, 2005. A mediation conference was conducted before United States Magistrate Judge Judith K. Guthrie on August 18, 2008, and the mediation conference resulted in a settlement. The parties recited the terms of the agreement and informed Judge Guthrie that a joint motion to dismiss the case with prejudice would be submitted once the settlement agreement was signed. *See* docket entry #94. On January 28, 2009, a status conference was conducted since the parties had not yet submitted a joint motion to dismiss the case. One area of disagreement concerned whether the Court would retain jurisdiction to enforce the settlement, and the Court informed the parties that it would retain jurisdiction. Following the status conference, the parties signed a settlement agreement. *See* docket entry #102, Exhibit A.

1

Section II (5) of the settlement agreement again specified that the "parties agree to file a Joint Motion to Dismiss with prejudice and a proposed Order of Dismissal dismissing the case with prejudice."

By February 23, 2009, the parties still had not submitted a joint motion to dismiss the case with prejudice. Consequently, the Court issued an order to the parties to submit a joint proposed Order of Dismissal and a joint proposed Final Judgment by March 6, 2009. *See* docket entry #104. The Defendants filed a response (docket entry #105) arguing that this Court may not retain jurisdiction due to the absence of an express stipulation by the parties as provided for by Fed. R. Civ. Pro. 41(a)(1)(ii). As a result of the response, the Court withdrew the order for the parties to submit a joint proposed Order of Dismissal and a joint proposed Final Judgment by March 6, 2009. The Plaintiff was ordered to file a reply to the Defendants' response, which was filed on March 9, 2009 (docket entry #107). The Defendants filed another reply (docket entry #108).

<u>Discussion and Analysis</u>

The starting point in the analysis of this case is the agreement of the parties. They represented to the Court that once the settlement was signed, then they would submit a joint motion to dismiss the lawsuit with prejudice. In their response, the Defendants focused on stipulations of dismissal as provided by Fed. R. Civ. Pro. 41(a)(1)(ii). Their argument that the Court may not retain jurisdiction centered on the Supreme Court's decision in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994). In that case, as in this case, the parties came to an oral agreement and recited the substance of the agreement on the record before the presiding judge. Subsequently, the parties submitted an executed stipulation and order of dismissal with prejudice, pursuant to Rule 41(a)(1)(ii). The presiding judge signed the stipulation and order under the notation "It is ordered." The stipulation and order did not reserve jurisdiction in the district court to enforce the settlement

2

agreement. When a dispute subsequently arose between the parties, the matter went before the district court which entered an enforcement order under an "inherent power" to do so. The Supreme Court's analysis of whether the district court retained jurisdiction to enforce the agreement was as follows:

> The short of the matter is this: The suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute. The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business. If the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so. When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper," the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order. Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

*Id.* at 381-82. The Defendants correctly noted that the settlement agreement signed by the parties did not provide for retention of federal jurisdiction. The Defendants asserted that they would have rejected the settlement if the Plaintiff had inserted such language. Counsel argued that she is not free to agree to additional settlement terms on behalf of her clients which they did not authorize her to agree to.

The Defendants argued that in this case, we do not have a dismissal based on the Plaintiff's motion, as provided by Rule 41(a)(2), but instead, "a stipulation of dismissal" proposed to be signed by "all parties who have appeared" as provided in Rule 41(a)(1)(ii). They stressed that the Supreme

3

Court held that a Rule 41(a)(1)(ii) dismissal may provide for retention of jurisdiction "if the parties agree." The Defendants asserted that they are asking the Court to accept the stipulations made in the agreement and dismiss the case without retaining jurisdiction because that is what the parties agreed to and what the Court should enforce pursuant to Rule 41(a)(1)(ii). They reiterated that retention of jurisdiction was not part of the agreement.

The Defendants argued that the Court is limited to one of the following courses of action:

1. Enforce the settlement agreement as written and dismiss the case based on the Plaintiff's acceptance of part of the bargained for consideration and on a finding that the settlement agreement is unambiguous and does not include retention of jurisdiction.

2. Find that the settlement agreement is ambiguous as to whether the parties agreed that the court may retain jurisdiction and based on the severability clause in § XVI, enforce the remainder of the settlement terms and not retain jurisdiction.

3. Find that retention of jurisdiction was not expressly included within the settlement agreement, that the agreement is ambiguous as to this term and that due to the materiality of this term, the parties failed to reach a settlement agreement in which case this Court should set this matter for trial.

The Defendants stated that they prefer options 1 or 2 and that the Court dismiss the case without retaining jurisdiction thus fully enforcing the settlement agreement as written. They again asserted that the Plaintiff may enforce any breach of the agreement in state court.

The Plaintiff, on the other hand, focused his reply on Rule 41(a)(2), as opposed to Rule 41(a)(1)(ii). He focused on a order of dismissal, as opposed to a stipulation. Citing the same paragraph from *Kokkonen*, he noted that when a dismissal is pursuant to Rule 41(a)(2), a court may, in its discretion, retain jurisdiction as one of the terms set forth in the order of dismissal. He noted that Rule 41 addresses two types of voluntary dismissals. Rule 41(a)(1) concerns dismissals without a court order, while Rule 41(a)(2) requires a court order. He pointed out that the Defendants'

arguments focus on dismissals without a court order via stipulation by the parties. He again noted that a dismissal with a court order may, in the court's discretion, be one of the terms set forth in the order.

The Plaintiff noted that in addition to *Kokkonen*, numerous cases have held that Rule 41(a)(2) confers discretion on a court in imposing terms of dismissal. *See, e.g., Balistreri v. Metropolitan Life Ins. Co.*, 272 Fed. Appx. 345, 346-47 (5th Cir. 2008) (per curiam) ("... grants to district courts the discretion to attach conditions tailored to prevent unfair prejudice to a defendant."); *Hyde v. Hoffman-La Roche Inc.*, 511 F.3d 506, 509 (5th Cir. 2007) (The Court's decision to dismiss under Rule 41(a)(2) is reviewed for an abuse of discretion); *Robles v. Atlantic Sounding Co.*, 77 Fed. Appx. 274, 275 (5th Cir. 2003) (per curiam) ("A district court's grant or denial of a voluntary dismissal, and any condition attached thereto, is reviewed under an abuse of discretion standard."); *Bonura v. ABC Bus Companies, Inc.*, Civil Action No. 1:07-cv-990, 2008 WL 1883541 at *1 (E.D. Tex. April 24, 2008) (Crone, J.) ("'The decision to dismiss an action rests within the sound discretion of the trial court and may only be reversed for an abuse of discretion.'") (citations omitted). Moreover, motions to dismiss under Rule 41(a)(2) should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. *Robles*, 77 Fed. Appx. at 275 (citations omitted). He further noted that Judge Crone, in *Bonura*, identified factors that should be taken into consideration in determining whether to deny a Rule 41(a)(2) motion, but he added that consideration of such factors is not applicable in this case since the dismissal request arises out of a settlement agreement. The Plaintiff argued that if the Court finds that no legal prejudice exists, then the motion to dismiss should be granted. He added that there is no possible prejudice to the Defendants by the Court retaining jurisdiction to enforce the settlement agreement

5

except that the Defendants might be unable to avoid their obligations under it, which is not prejudice, but merely holding them to their end of the bargain.

The Plaintiff went on to argue that the Court has the inherent authority to dismiss a case apart from Rule 41. He rejected the Defendants' argument that a court does not have the power to impose conditions on a dismissal absent an agreement. He noted that courts may dismiss cases on *forums non conveniens* grounds or for failure to prosecute. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Baumgari v. Fairchild Aircraft Corp.*, 981 F.2d 824, 828 (5th Cir. 1993). A court has the power to dismiss a case or impose sanctions for violations of court orders and rules and dilatory conduct in general. *Callip v. Harris Co. Child Welfare Dep't*, 757 F.2d 1513, 1518 (5th Cir. 1985). He cited a number of cases from other circuits discussing the inherent power to dismiss cases. He acknowledged that he has not found a case concerning the inherent power to dismiss and yet retain jurisdiction over the settlement agreement. He, nonetheless, argued that courts must have the inherent power to dismiss yet retain jurisdiction over the enforcement of a settlement agreement. Judge Reavely noted that "[i]n addition to its broad discretion to award attorney's fees, a district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Bell v. Schexnayder,* 36 F.3d 447, 449 (5th Cir. 1994). The Plaintiff noted that this Court previously found that "'[f]ederal courts have the inherent power to summarily enforce settlement agreements entered into by the parties litigant in a pending case.'" *Petkovsek v. Board of Pardons and Paroles*, 785 F.Supp. 82, 85 (E.D. Tex. 1992), quoting *Howard v. Chris-Craft*, 562 F.Supp. 932, 936 (E.D. Tex. 1982). "An offer [of settlement] becomes a binding contract when it is accepted by the other party according to its terms. After it is accepted, it cannot be withdrawn." *Id.*

6

The Plaintiff finally raised the question of whether the Defendants breached the settlement agreement by failing to join in his request for the Court to retain jurisdiction over the case for purposes of enforcing the settlement agreement. He correctly noted that the settlement agreement was signed after the status conference in which the Court held that it would retain jurisdiction. He correctly noted that the Defendants' counsel acknowledged in the status conference that there was no downside to the Court doing so. He argued that all parties had the understanding that the Court would retain jurisdiction over the action when they executed the settlement agreement. As such, he argued that sanctions should be imposed in this case because the Defendants have been doing everything in their power to end-run around the consequences of their behavior in July, 2005, and a settlement agreement arising out of the same.

The Plaintiff asked the Court to enforce the agreement and issue an order that expressly retaining jurisdiction. Alternatively, he asked the Court to administratively close the case pending completion on the settlement agreement payouts and/or notice of failure to comply with the settlement agreement. He argued that an alternative possibility is to conduct an evidentiary hearing concerning the interpretation of the settlement agreement. A final possibility is to allow the Defendants to withdraw from the agreement, and he is willing to allow them to do so, and to commence a trial on the merits.

The Defendants' reply initially addressed the issue of sanctions. The parties are again reminded that the Court noted in the previous order (docket entry #104) that it was not inclined to consider sanctions. The Court's concern is to facilitate the implementation of the settlement agreement. The remainder of the reply reiterated positions taken by the Defendants in their response that was previously discussed.

The Court is of the opinion that neither Rule 41(a)(1)(ii) nor Rule 41(a)(2) governs the case at this juncture. The parties have signed a settlement agreement. To date, they have not fulfilled their commitment to submit a joint motion to dismiss the case. With respect to the arguments concerning Rule 41(a)(1)(ii), it must be emphasized that the parties have not submitted a stipulation of dismissal. The Court would add that their agreement was to file a joint motion to dismiss the case, as opposed to a stipulation of dismissal. Similarly, the Plaintiff has not submitted a motion to voluntarily dismiss the case pursuant to Rule 41(a)(2). It is further noted that the Plaintiff has not shown any authority supporting a position that he may file a motion to voluntarily dismiss the case but be entitled to receive a court order granting him damages against the Defendants. Nonetheless, it must be reiterated that the procedural posture of the case at this time does not involve either Rule 41(a)(1)(ii) or Rule 41(a)(2).

Of the cases raised by the parties, the situation most akin to the circumstances found in the present case is *Petkovsek v. Board of Pardons and Paroles*, *supra*. In *Petkovsek*, the Defendants, as in the present case, were represented by the Attorney General of the State of Texas. The parties entered into an agreement. However, before the parties submitted an agreed stipulation of dismissal, the plaintiff was compelled to file a motion to enforce the settlement. Judge Schell noted that "Federal courts have the inherent power to summarily enforce settlement agreements entered into by the parties litigant in a pending case." 785 F.Supp. at 85 (citations omitted). "An offer [of settlement] becomes a binding contract when it is accepted by the other party according to its terms. After it is accepted, it cannot be withdrawn." *Id.* Judge Schell found that the defendants, through the Assistant Attorney General, made an unconditional offer and, once accepted by the plaintiff, were bound by that offer. *Id.* at 86. Judge Schell found that the Court could enforce the agreement under

8

these circumstances, thus the motion for judgment to enforce the settlement agreement was granted. *Id.* An agreed stipulation of dismissal was finally filed shortly thereafter.

The settlement agreement in this case is clear. It is a binding and enforceable contract. Due to the existence of a binding and enforceable contract, the option of withdrawing the agreement and going to trial will not be entertained. If the parties agree to submit a stipulation of dismissal, then the terms of the agreed stipulation of dismissal will govern whether this Court has continuing jurisdiction after the filing of the agreed stipulation. In the absence of an agreed stipulation of dismissal, any discussion of one is irrelevant. In the mean time, the Court will enforce the terms of the settlement agreement if called upon to do so. The parties have indicated a desire to comply with the agreement, and they are encouraged to do so. In fact, the parties have taken steps to fulfill the terms of the agreement. The Plaintiff was transferred to the Darrington Unit in accordance with the agreement. The Defendants have been making payments in accordance with the agreement, and counsel for the Plaintiff should be permitted to forward the amounts paid thus far by the Defendants to his client. There is no need for the Court to be involved in this matter as long as the Defendants are making payments in accordance with the settlement agreement. The Court is of the opinion that the Plaintiff's suggestion that the case be administratively closed is reasonable. At some point in time, the parties may finally file a joint motion to dismiss the case with prejudice, and the Court will grant the motion. In the mean time, if a party breaches the settlement agreement, then the opposing party may ask that the case be returned to the active docket for an enforcement proceeding. It is accordingly

**ORDERED** that counsel for the Plaintiff may forward any payments thus far tendered to him by the Defendants to the Plaintiff. It is further

**ORDERED** that the cause of action is administratively closed. Any party may ask that the cause of action be returned to the active docket in order to commence enforcement proceedings or for purposes of filing a joint motion to dismiss the case. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

**So ORDERED and SIGNED this 17th day of March, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE